# Sarah Dykstra v. Florida Foreclosure Attorneys, PLLC, and Rick Felberbaum
## Case No. 15-cv-81275-KAM

# Exhibit 13

**ANIDJAR AUERBACH LAW LLC**
Attorneys At Law

November 5, 2014

**\*\*CONFIDENTIAL SETTLEMENT COMMUNICIATION\*\***

<u>**VIA CERTIFIED MAIL**</u>
Florida Foreclosure Attorneys, PLLC
c/o William C. Slabaugh
4855 Technology Way
Suite 630
Boca Raton, FL 33431

**Re: Sarah Dykstra v. Florida Foreclosure Attorneys, PLLC**

Dear Mr. Slabaugh:

This firm represents Sarah Dykstra regarding her recent termination from Florida Foreclosure Attorneys, PLLC ("FFA"). This letter is written for settlement purposes only, and as such is privileged.

As detailed in the attached Complaint, Ms. Dykstra was employed by FFA from October 2011 until she was terminated from that employment on September 6, 2014. In March of 2014, Ms. Dykstra sustained a serious injury during her employment that resulted in multiple surgeries and had significant lasting effects. Because Ms. Dykstra's injury was considered a "serious health condition" as that term is defined under the FMLA, on June 9, 2014, FFA contacted Ms. Dykstra and advised her that they were designating her leave as FMLA leave.

Approximately eight weeks after Ms. Dykstra's FMLA leave began, she was cleared by her doctor to return to work with light duty restrictions. Ms. Dykstra advised FFA that she had been medically cleared to return to work and was able to perform the essential job functions for her position. Despite advising them of same, FFA refused to allow Ms. Dykstra to return to her work and assume her role as IT Director. Specifically, FFA informed Ms. Dykstra that it would not permit her to return to work unless and until she received medical certification stating that she was cleared to return to work without any restrictions. FFA, however, never requested a fitness-for-duty certification to fully comprehend Ms. Dykstra's restrictions. As a result, FFA was unable to identify whether Ms. Dykstra was able to perform the essential functions of her position as required by the FMLA. Importantly, had FFA requested a fitness-for-duty certification, they would have learned that Ms. Dykstra was able to perform the essential job functions for the IT Director position, and was able to return to work at the expiration of her FMLA leave.

On September 3, 2014, three (3) days prior to the expiration of her FMLA leave, Ms. Felberbaum (HR) contacted Ms. Dykstra advising that her FMLA leave was expiring on September 6, 2014. Ms. Dykstra explained to Ms. Felberbaum that she would provide a medical

William C. Slabaugh
4855 Technology Way
Suite 630
Boca Raton, FL 33431

certification from her doctor, but that she was still unable to lift anything heavy. In response, Ms. Felberbaum advised that Ms. Dykstra's employment would be terminated if she returned to work with any restrictions. Ms. Dykstra explained that she was able to perform the essential functions of her position with or without a light duty restriction. FFA nevertheless advised Ms. Dykstra that her employment would be terminated unless she was able to return to work 100% cured.

The facts of this case and governing law illustrate that Ms. Dykstra has been subjected to unlawful employment practices. Specifically, Ms. Dykstra was terminated from her employment in violation federal and state law.[1] FFA violated the FMLA by interfering with Ms. Dykstra's rights under the FMLA and by preventing her from returning to work upon completion of her medical leave.

Based on the above violations, Ms. Dykstra has been and continues to be damaged. Accordingly, should Ms. Dykstra file a lawsuit she would be entitled to receive back pay, front pay, liquidated damages, and compensatory damages, along with reasonably attorneys' fees and costs.

Notwithstanding the aforementioned, Ms. Dykstra has expressed an interest in resolving this matter and avoiding protracting litigation if a reasonable settlement is possible. Ms. Dykstra has authorized me to fully resolve her claims against FFA for the amount of **$150,000.00**, inclusive of attorneys' fees. Please do not be confused by the reasonableness of the demand. It is intended to bring about a prompt resolution of Ms. Dykstra's claims against FFA. This is FFA's best opportunity to resolve this dispute in its entirely, promptly, efficiently, and inexpensively. The offer remains open until 5:00 pm, December 5, 2014. Should we be unable to resolve this matter by December 5, 2014, we will file the attached Complaint along with the attached Charge of Discrimination. I look forward to hearing from you on this matter.

Sincerely,

Jacob Auerbach, Esq.

---

[1] In addition to her FMLA claims, Ms. Dykstra also has valid claims against FFA for its failure to provide a reasonable accommodation under the ADA, and wrongful termination under the ADA. We have attached a draft Charge of Discrimination that we will file with the appropriate administrative agency should we not resolve this matter pre-suit.

# EXHIBIT A

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

SARAH DYKSTRA,

    Plaintiff,

v.

FLORIDA FORECLOSURE ATTORNEYS,
PLLC, a Florida Profit Corporation, and
RICK FELBERBAUM, Individually,

    Defendants.
_____/

CASE NO.:

## COMPLAINT FOR DAMAGES
(Jury Trial Demanded)

1. Plaintiff, SARAH DYKSTRA, brings this action pursuant to the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et. seq. ("the FMLA") to recover from Defendants for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief and/or front pay, declaratory relief, and reasonable attorneys' fees and costs.

## JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to the FMLA, and has authority to grant declaratory relief under the FMLA pursuant to 29 U.S.C. § 2201 et seq.

## PARTIES

3. At all times relevant hereto, Plaintiff, SARAH DYKSTRA ("Plaintiff" or "DYKSTRA"), was an employee of Defendants, FLORIDA FORECLOSURE ATTORNEYS, PLLC ("FFA"), a Florida Corporation, and RICK FELBERBAUM ("Felberbaum")(collectively "Defendants"), and resided in Palm Beach County, Florida.

4. From October 2011, until her termination on September 6, 2014, Plaintiff was employed by Defendants. During her employment, Plaintiff became Defendants' Information Technology Director, working primarily in Defendants' office located in Palm Beach County, Florida.

5. Defendant, FFA is a Florida Profit Corporation that practices law and conducts business in Palm Beach County, Florida, and is therefore, within the jurisdiction of the Court.

6. At all times relevant to this action, Felberbaum was an individual resident of the State of Florida, who operated FFA, and who regularly exercised the authority to: (a) hire and fire employees of FFA; (b) determine the work schedules for the employees of FFA; and (c) control the finances and operations of FFA. By virtue of having regularly exercised that authority on behalf of FFA, Felberbaum is an employer as defined by the FMLA.

7. At all times relevant hereto, Defendants were employers covered by the FMLA, because they were engaged in commerce or in an industry affecting commerce who employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

8. At all times relevant hereto, Defendants were Plaintiff's "joint employer," for the purposes of FMLA coverage, pursuant to 29 C.F.R. §825.106, because (i) there was an arrangement between Defendants to share employees' services or to interchange employees; (ii) Each Defendant acted directly or indirectly in the interest of the other Defendants in relation to Plaintiff; or, (iii) Defendants were and are not completely disassociated with respect to the Plaintiff's employment and shared control of Plaintiff, directly or indirectly, because each Defendant was under common control with the other Defendants.

9. At all times relevant hereto, Plaintiff worked at a location where Defendants employed 50 or more employees within 75 miles.

10. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

11. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. § 2601, et. seq., because Plaintiff validly exercised her rights pursuant to the FMLA and Defendants interfered with Plaintiff's right to return to work from FMLA leave and discriminated against Plaintiff, because she took FMLA leave.

12. From October 2011 to her termination on September 6, 2014, Plaintiff was employed by Defendants and working primarily in Defendants' offices located in Palm Beach County, Florida, and ultimately earning approximately $100,000.00 per year exclusive of the value of fringe benefits at the time of her termination.

13. On or about March 19, 2014, Plaintiff suffered a serious health condition – i.e. a severe injury to her back – that qualified her for FMLA protection under Defendants' policies and procedures.

14. On or about June 9, 2014, Defendants contacted Plaintiff and advised her that her leave was being designated as FMLA leave.

15. Plaintiff's leave, which commenced on June 9, 2014, was set to expire on September 6, 2014.

16. In August of 2014, about one month prior to the expiration of Plaintiff's FMLA leave, Plaintiff contacted Defendants and advised them that she was ready to return to work and that she was capable of performing the essential functions of her job. Despite Plaintiff's request to return to work, Defendants advised Plaintiff that she was not to return to work until she was 100% cured.

17. On September 3, 2014, Defendants notified Plaintiff that her medical leave expired on September 6, 2014, and that she would not be able to return to work without medical certification.

18. Plaintiff advised that she would provide a medical certification, but that her doctor required she not lift anything heavy.

19. Rather than request a fitness-for-duty certificate addressing Plaintiff's ability to perform the essential function of the IT Director position, Defendants terminated Plaintiff's employment.

20. Defendants' termination of Plaintiff, and their actions after learning that Plaintiff sought to exercise her rights pursuant to the FMLA were in violation of the FMLA, because Defendants interfered with Plaintiff's right to take FMLA leave and discriminated against Plaintiff for taking FMLA leave.

## COUNT I – INTERFERENCE WITH RIGHT TO TAKE LEAVE

21. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-11 above.

22. At all times relevant hereto, Defendants interfered with Plaintiff's right to take leave from work under the FMLA.

23. At all times relevant hereto, Defendants interference with Plaintiff's right to take leave from work, violated the FMLA.

24. At all times relevant hereto, Plaintiff suffered from a "serious health condition" within the meaning of the FMLA.

25. Defendants interfered with the exercise of Plaintiff's right to unpaid leave, because Defendants terminated Plaintiff's unemployment as a result of Plaintiff's exercising her right to FMLA leave.

26. Defendants interfered with the exercise of Plaintiff's right to leave, because Defendants refused to allow Plaintiff to return to her job, or to an equivalent position, upon return from her FMLA leave.

27. Defendants interfered with the exercise of Plaintiff's right to leave, because Defendants failed to provide Plaintiff a written notice detailing specific expectations and obligations of Plaintiff and explaining any consequences of a failure to meet those obligations.

28. As a result of Defendants' intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

29. As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

30. Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff, SARAH DYKSTRA, demands judgment against Defendants for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – FMLA DISCRIMINATION

31. Plaintiff reincorporates and readopts all allegations contained within 1-20 above.

32. At all times relevant hereto, Defendants discriminated against Plaintiff because Plaintiff exercised her right to take leave from work under the FMLA.

33. At all times relevant hereto, Plaintiff suffered from a "serious medical condition" within the meaning of the FMLA.

34. Defendants discriminated against Plaintiff for exercising her right to leave, because Defendants terminated Plaintiff's employment as a result of Plaintiff's exercising her right to leave.

35. Defendants discriminated against Plaintiff for exercising her right to unpaid leave, because Defendants refused to allow Plaintiff to return to her job, or to an equivalent position, upon return from her FMLA leave.

36. At all times relevant hereto, Defendants acted with the intent to discriminate against Plaintiff, because Plaintiff exercised her right to leave pursuant to the FMLA.

37. As a result of Defendants' intentional, willful and unlawful acts by discriminating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

38. As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

39. Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff, SARAH DYKSTRA, demands judgment against Defendants for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief,

declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

Dated this 5th day of November, 2014

ANIDJAR AUERBACH LAW, LLC

By: /s/ Jacob Auerbach
Jacob Auerbach, Esq.
Florida Bar No. 0084003
Anidjar Auerbach Law LLC
9734 W. Sample Road
Coral Springs, FL 33065
Phone: (954) 906-8228
Jacob@AAlawllc.com
Attorney for Plaintiff

Michael Anidjar, Esq.
Florida Bar No. 0085705
Anidjar Auerbach Law LLC
9734 W. Sample Road
Coral Springs, FL 33065
Phone: (954) 906-8228
Michael@AAlawllc.com
Attorney for Plaintiff

# EXHIBIT B

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | [X] FEPA<br>[X] EEOC | |

Florida Commission On Human Relations                                                      and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)*<br>**Sarah Dykstra** | Home Phone *(Incl. Area Code)*<br>**(561) 441-6316** | Date of Birth<br>**09/01/1971** |
|---|---|---|
| Street Address<br>**130 S.E. 1st Ave.** | City, State and ZIP Code<br>**Delray Beach, FL 33444** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**Florida Foreclosure Attorneys, PLLC** | No. Employees, Members<br>**20+** | Phone No. *(Include Area Code)*<br>**(561) 391-8600** |
|---|---|---|
| Street Address<br>**4855 Technology Way Suite 500** | City, State and ZIP Code<br>**Boca Raton, FL 33431** | |
| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)*<br>[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN<br>[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION<br>[X] OTHER *(Specify)* | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest         Latest<br>**06/14**         **09/14**<br>[ ] CONTINUING ACTION |
|---|---|

PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

    I began my employment with Florida Foreclosure Attorneys, PLLC ("FFA") in 2011. During my employment I eventually began serving as FFA's Information Technology Director. On March 19, 2014, I sustained a serious injury during my employment with FFA which had significant lasting effects. As a result, on March 31, 2014, I underwent surgery as my medical condition continued to get worse. From the onset of my medical condition through the present, I have experienced various symptoms, including but not limited to, difficulty sleeping, walking, sitting, and working, among other symptoms. I began receiving regular medical treatments each month following my injury which were intended to help alleviate these symptoms. As my medical condition substantially limits one or more of my major life activities, it is qualified as a disability under the Americans with Disabilities Act. Notwithstanding my disability, I am still able to satisfactorily perform the essential job functions for my position.

    In April and May of 2014, I worked for FFA with light duty restrictions. Notably, my only restrictions related to heavy lifting which was not an issue as my position, IT Director, was not labor intensive and did not require heavy lifting. Accordingly, I was able to perform the essential job functions of my position. Despite my ability to work, my condition continued to get worse and I required additional surgeries and other medical procedures to treat my medical condition.

    Following a biopsy that was conducted on June 9, 2014, I received an email from Wendy Felberbaum (HR) advising me that FFA was requiring me to take leave under the Family Medical Leave Act ("FMLA"). On July 17, 2014, during my FMLA leave, I also filed for worker's compensation benefits. On August 6, 2014, nearly one month before my FMLA leave was set to expire, I was cleared by my doctor to return to work with light duty restrictions. I

informed Ms. Felberbaum and Rick Felberbaum (owner of FFA) of my physician's clearance to return to work, but they stated that I was not permitted to return to work unless I was 100% cured. I requested that I be able to work from home during this period; however, FFA denied my request. On September 3, 2014, I received an email from Ms. Felberbaum advising me that my FMLA leave expired on September 6, 2014. I explained that I would be able to come back to work and would be able to satisfactorily perform my job duties; however, I was unable to lift anything over a certain weight pursuant to my doctor's orders. Initially, Ms. Felberbaum stated that I needed to provide a doctor's note evidencing that I was fit to return to work with or without a weight restriction. Then on September 6, 2014, Ms. Felberbaum stated that I would only be able to return to work if there were no weight restrictions. I reminded Ms. Felberbaum that I suffer from medical conditions which caused certain physical limitations and requested that I be granted a reasonable accommodation. Despite my request for a reasonable accommodation, FFA terminated my employment as I was unable to return to work without a weight limit restriction.

FFA denied my requests for reasonable accommodations. Further, FFA never attempted to provide me any reasonable accommodation or otherwise work with me. I always fulfilled my job responsibilities and was never verbally reprimanded, written up and never received any disciplinary action relating to my employment. I believe FFA failed to provide me with a reasonable accommodation in violation of the Americans with Disabilities Act and the Florida Civil Rights Act. I also believe that FFA terminated my employment because of my disability in violation of the Americans with Disabilities Act and the Florida Civil Rights Act. Finally, I believe that FFA terminated my employment in retaliation for filing a worker's compensation claim in violation of Florida Statute Section 440.205.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |
| _____<br>Date    Charging Party Signature | |